UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORHONDA CORLEY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 24-812-JWD-SDJ** |
| **EAST BATON ROUGE PARISH SCHOOL BOARD, et al.** | |

## ORDER

Before the Court is a Motion to Stay Discovery (R. Doc. 17) filed by Defendants Sheriff Sid Gautreaux, III, and Captain Rodney Walker (collectively, "Sheriff Defendants"). In their Motion, the Sheriff Defendants ask the Court to stay all discovery in this case pending resolution of the Sheriff Defendants' Motion to Dismiss (R. Doc. 7), in which Captain Walker asserts the defense of qualified immunity.[1] Plaintiff has not filed an opposition to the instant Motion, and the deadline for doing so has passed.[2] As such, the Court considers this Motion unopposed. For the reasons set forth below, the Sheriff Defendants' Motion to Stay Discovery is **granted**.

Rule 26(c) of the Federal Rules of Civil Procedure allows a court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).

---

[1] R. Doc. 17 at 1.
[2] *See* LR 7(f) ("Each respondent opposing a motion shall file a response … within twenty-one days after service of the motion.").

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976)).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery.

*Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Id.* at 310-14. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id.* at 313.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id.* at 313 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Id.* (quoting *Iqbal*, 556 U.S. at 686).

Here, in the Motion to Dismiss, Captain Walker asserts qualified immunity as a defense to Plaintiff's claims.[3] Based on clear Fifth Circuit precedent, the Court finds that discovery in this matter should be stayed until the pending Motion to Dismiss is resolved. *See Varnado v. Carboni*, No. 24-133, 2024 WL 4314794 (M.D. La. Sep. 26, 2024).

Accordingly,

**IT IS ORDERED** that the Motion to Stay Discovery (R. Doc. 17) filed by Defendants Sheriff Sid Gautreaux, III, and Captain Rodney Walker is **GRANTED**, and discovery is **STAYED** until further order of the Court.

---

[3] R. Doc. 7-1 at 9-13.

**IT IS FURTHER ORDERED** that, upon a Ruling by the District Judge on the Sheriff Defendants' Motion to Dismiss (R. Doc. 7), the Parties shall contact the undersigned as soon as possible for the issuance of a new Scheduling Conference Order, if any claims remain.

Signed in Baton Rouge, Louisiana, on January 6, 2025.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**