**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**CORHONDA CORLEY in her own interest
and on behalf of her minor son real party
in interest C.C.**

**VERSUS**

**EAST BATON ROUGE PARISH
SCHOOL BOARD, ET AL.**

**CIVIL ACTION**

**NO.  24-812-JWD-SDJ**

**RULING**

Defendants Sid Gautreaux, III and Captain Rodney Walker ("EBRSO Defendants") have filed a *Motion to Dismiss* (Doc. 7) ("*MTD*") in which they argue that the claims by Plaintiff Corhonda Corley, in her own interest and on behalf of her minor son real party of interest C.C. ("Plaintiff"), should be dismissed for a number of reasons. Specifically, EBRSO Defendants contend, inter alia, that: (1) Plaintiff lacks procedural capacity to assert claims on behalf of her minor child, (Doc. 7-1 at 3–4); (2) Plaintiff fails to state a viable claim against the "East Baton Rouge Sheriff's Office," (*id.* at 4–5); (3) Plaintiff's petition should be dismissed as an improper "shotgun pleading" that fails to properly identify what causes of action she is raising and against whom, (*id.* at 5–7); (4) Plaintiff fails to state any cognizable § 1983 official capacity claims against them, (*id.* at 7–9); (5) Plaintiff fails to state a viable § 1983 claim for false arrest, excessive force, and bystander liability against Captain Rodney Walker, (*id.* at 9–14); and (6) Plaintiff fails to state any state law claims against EBRSO Defendants for false arrest or bystander liability, (*id.* at 14–16). EBRSO Defendants thus argue that the *Petition for Damages* ("*Petition*") (Doc. 1-3 at 18–27) is defective for failing to articulate a plausible claim (as required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Plaintiff maintains that her *Petition* withstands the challenges raised in the *MTD*. (*See* Doc. 14.) Plaintiff requests leave to amend to cure any deficiencies detailed in the *Petition* should the *MTD* be granted. (*See id.* at 4–5.)

The Court has reviewed the *MTD*. Without expressing any view as to its merits, the Court affords Plaintiff an opportunity to cure the purported pleading defects; the Court grants Plaintiff leave to file an amended complaint, in accordance with Fed. R. Civ. P. 15(a)(2). *See Epps v. Brown*, No. 24-175, 2025 WL 350241, at *1 (M.D. La. Jan. 30, 2025) (deGravelles, J.) (granting leave to amend under similar circumstances (citing *Jordan v. Gautreaux*, 593 F. Supp. 3d 330, 372–73 (M.D. La. 2022) (deGravelles, J.) (granting leave to amend in response to successful Rule 12(b)(6) motion when no prior amendment was given in response to ruling from the Court))).

An amended complaint must plead specific factual allegations that, if true, would "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 680. The amended complaint should also be **self-contained** and include all allegations and claims made by Plaintiff against all defendants. Plaintiff will be given **twenty-eight (28) days** in which to amend the operative petition to plead viable claims. The Court reminds Plaintiff's counsel that she must have a good faith basis in law or fact to assert claims. *See* Fed. R. Civ. P. 11.

Finally, this case was originally filed in August of 2024, (Doc. 1-2 at 1). If EBRSO Defendants file a second motion to dismiss which the Court ultimately grants, it is highly likely the Court will deny leave to amend as futile and because of undue delay. *See Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 679 (M.D. La. 2019) (deGravelles, J.) (denying leave to amend when plaintiff should have had notice of issue from court's ruling on original motion to dismiss, and when further amendment would be futile); *Skinner*

*v. Ard*, 519 F. Supp. 3d 301, 321–22 (M.D. La. 2021) (deGravelles, J.) (same); *Martin v. Roy*, No. 20-339, 2022 WL 894599, at *13 (M.D. La. Mar. 25, 2022) (deGravelles, J.) (same)).

Accordingly, **IT IS ORDERED** that EBRSO Defendants' *Motion to Dismiss* (Doc. 7) is **DENIED WITHOUT PREJUDICE.** EBRSO Defendants can re-urge any argument made in their *MTD* in response to an amended complaint, if appropriate.

Signed in Baton Rouge, Louisiana, on April 7, 2025.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**